IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY JOHNSON SHUPE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:12-cv-00024 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D.A. BRAXTON, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Roy Johnson Shupe, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 convictions and sentence in the Smyth County Circuit Court. The court finds that Shupe's petition is untimely filed and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

**I.**

On March 21, 2006, the Smyth County Circuit Court entered judgment against Shupe, convicting him of five counts of aggravated sexual battery and five counts of animate object sexual penetration. The court sentenced Shupe to a total term of 40 years of incarceration. The Court of Appeals of Virginia granted Shupe the opportunity to file a belated appeal, but later dismissed his appeal on January 20, 2009. Shupe appealed to the Supreme Court of Virginia, which refused his appeal on September 25, 2009. Shupe did not file a petition for writ of certiorari to the Supreme Court of the United States. Shupe filed a habeas petition in the Smyth County Circuit Court on January 7, 2011, which was dismissed on May 6, 2011. Shupe appealed to the Supreme Court of Virginia, and the court refused his petition on January 13, 2012. Shupe filed his instant § 2254 habeas petition on January 20, 2012. The court conditionally filed Shupe's petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] The statute of limitations began to run on Shupe's case on December 24, 2009, when his conviction became final. Therefore, Shupe had until December 24, 2010 to file a timely federal habeas petition. Shupe did not meet this deadline; in fact, by that date, Shupe had yet to file his state habeas petition.[2] Accordingly, Shupe's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Shupe has made no such demonstration.

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Shupe has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Shupe's conviction became final on December 24, 2009, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired.

[2] Shupe's one-year clock had already run by the time he filed his state habeas petition in the Smyth County Circuit Court; therefore, his state petition afforded Shupe no tolling under § 2244(d)(2). The court also notes that Shupe filed a habeas petition in the Court of Appeals of Virginia on September 17, 2010, which the court dismissed on October 29, 2010. However, because that petition was not properly filed, it afforded him no tolling. See § 2244(d)(2) (periods of time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1)).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. §

2

Despite being given the opportunity to amend his petition, Shupe makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Shupe has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

**III.**

For the reasons stated, the court dismisses Shupe's petition as untimely filed.

The Clerk is directed to send a copy of this opinion and the accompanying order to petitioner.

**ENTER**: This 9th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).